1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                        FOR THE DISTRICT OF OREGON

WILLIAM MASON,                              Civil No. 07-552-AA
10                                              OPINION AND ORDER
              Plaintiff,
11
         vs.
12
MICHAEL J. ASTRUE,
13  Commissioner of Social Security,

14            Defendant.
    _____
15
    Tim Wilborn
16  Wilborn Law Office, P.C.
    19093 S. Beavercreek Road, PMB #314
17  Oregon City, Oregon 97045
         Attorney for plaintiff
18
    Karin Immergut
19  United States Attorney
    District of Oregon
20  Britannia I. Hobbs
    Assistant United States Attorney
21  1000 S.W. Third Avenue
    Portland, Oregon 97204-2902
22
    L. Jamala Edwards
23  Special Assistant U.S. Attorney
    Social Security Administration
24  701 Fifth Avenue, Suite 2900 M/S 901
    Seattle, Washington 98104-7075
25       Attorneys for defendant

26  AIKEN, Judge:

27        Claimant, William Mason, brings this action pursuant to the

28  Social Security Act (the Act), 42 U.S.C. §§ 405(g) to obtain

    1   - OPINION AND ORDER

judicial review of a final decision of the Commissioner denying his application for disability insurance benefits under Title II of the Act.  For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed his application for SSI benefits on December 3, 2004.  Tr. 55-59, Tr. 20.  Plaintiff's application was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ).  On April 14, 2006, after a hearing before an ALJ, the ALJ issued a decision finding plaintiff not disabled.  Tr. 20-26.  Plaintiff timely requested review by the Appeals Council. However, on July 6, 2006, the Appeals council declined to grant review.  Tr. 12-14.  This action resulted in the ALJ's decision becoming the final Agency decision.

## STATEMENT OF THE FACTS

Born in March 1947, plaintiff alleges disability beginning July 15, 2004, at which time he was 57 years old.  Tr. 55. Plaintiff alleges disability based on combined impairments, including low back disease/degeneration with associated pain and limitation of function.

Plaintiff completed high school.  Tr. 71.  His past work included president and secretary of his own business making silicone parts for subcontract.  Tr. 86.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d

498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.  First the Secretary determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

3    - OPINION AND ORDER

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### DISCUSSION

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. Tr. 22, Finding 2. This finding is not in dispute. At step two, the ALJ found that plaintiff had the following severe impairment: mechanical low back pain with no neurological involvement. Tr. 22, Finding 3. This finding is not in dispute. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 23,

4    - OPINION AND ORDER

Finding 4.  This finding is not in dispute.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work.  Further, the ALJ found plaintiff required an option to sit, stand, or lie down at will, and was limited to no more than occasional kneeling. Tr. 23.  This finding is in dispute.

At step four, the ALJ found that plaintiff could perform his past relevant work, as actually performed, as a president and secretary of a corporation, which included duties as a molder operator.  Tr. 25, Finding 6. This finding is in dispute.

1. Residual Functional Capacity Finding

The ALJ found that plaintiff has the following capacities and limitations: lift 20 pounds occasionally and 10 pounds frequently; stand/walk for 6 hours of an 8-hour workday; sit for 6 hours of an 8-hour workday; requires an option to sit or stand at will; limited to no more than occasional kneeling; and "[h]e must have the option to lie down at will." Tr. 23.

In response to a hypothetical posed by the ALJ to a Vocational Expert (VE) that included all of the above capabilities and limitations, the VE testified that a person with these limitations could perform plaintiff's past work as he performed it, but that he could not perform the job as it normally is performed in the economy.  Tr. 226.  Further, assuming the same limitations, there would not be any other jobs plaintiff could perform in the national economy.  Id.

The VE's testimony and conclusion, however, is directly contrary to the evidence.  Plaintiff did not testify that he had the option to lie down "at will" while performing his previous

job, and in fact the reason he had to ultimately stop working was that his job, as performed, required too much "just staying in one position." Tr. 217. Specifically, plaintiff's prior job required him to sit and/or stand for certain periods of time, and it was that requirement which led to his ultimate inability to continue working. There can be no dispute that plaintiff's job description did not allow him to lie down "at will." Tr. 68. It was established that plaintiff's prior job had him walk, stand, sit, stoop, crouch, crawl, and reach one hour per day. He also had to handle small objects 6 hours per day. Id. These physical requirements are not compatible with plaintiff's need to lie down "at will."

Moreover, I find that the ALJ's RFC is contradictory. While the ALJ found plaintiff able to stand/walk for 6 hours of an 8-hour workday and sit for 6 hours of an 8-hour workday, the ALJ also found that plaintiff "must have the option to lie down at will." The ability to lie down "at will" necessarily includes the ability to lie down for more than 2 hours per day. The capacity to sit/stand/walk for 6 hours per work day is incompatible with the ability to lie down "at will," because if a person is lying down for more than 2 hours, he is not sitting/standing/walking.

In sum, accepting the ALJ's residual functional capacity finding, it is established that plaintiff cannot perform his past work due to his need to "lie down at will," and no jobs exist in the national economy that allow a person to lie down at will. Therefore, plaintiff's disability is established. The ALJ's decision is reversed because it was based on improper legal

6    - OPINION AND ORDER

standards.    See Benecke v. Barnhart, 379 F.3d 587 (9th Cir.
2004)(reversing and remanding for an award of benefits when it
was clear from the evidence that the claimant was disabled).

2. Plaintiff's Credibility

        The ALJ determined that plaintiff's statements concerning
his limitations were not entirely credible based upon
"plaintiff's lack of supporting objective evidence, and his
active lifestyle." Def's Brief, p. 5.

        When a claimant has medically documented severe impairments
that could reasonably be expected to produce some degree of the
symptoms complained of, "the ALJ may reject his testimony
regarding the severity of symptoms only if he makes specific
findings stating clear and convincing reasons for doing so."
Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996)(internal
quotation omitted).  Further, if the "ALJ's credibility finding
is supported by substantial evidence in the record, we may not
engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947 (9th
Cir. 2002).  Where, as here, there is no evidence of malingering,
the ALJ must provide clear and convincing reasons to reject
plaintiff's testimony.  See Smolen v. Chater, 80 F.3d 1273, 1281
(9th Cir. 1996).  Further, the ALJ must identify specific evidence
which shows that specific testimony is not credible.  Dodrill v.
Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

        The ALJ asserts that plaintiff took only Advil and Tylenol
to relieve pain while working.  The evidence is otherwise.
Plaintiff took the prescription pain reliever, Naproxen, while
working in 2004, and shortly after he stopped working he took the
prescription medication, Celebrex.  Both medications were taken

due to the ineffectiveness of non-prescription medications to control his pain. Tr. 165, 171. The ALJ next relies on plaintiff's activities of daily living to discredit his symptom testimony. However, the evidence clearly shows that plaintiff engages in those activities ranging between one to five minutes per activity. The ability to perform an activity for 1 minute or even 5 minutes does not equate with the ability to perform substantial gainful activity and sustained employment. Fair v. Bowen, 885 F.2d 597 (9th Cir. 1989). See also, Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001). Finally, regarding plaintiff's ability to walk, it is documented that it is easier (less painful) for plaintiff to walk than to sit or stand. Plaintiff's past job, however, was performed within the confines of a small room, and primarily required sitting or standing. The ability to walk does not translate to an ability for plaintiff to perform his past job as it cannot be performed primarily while walking around.

I find that the ALJ failed to provide clear and convincing reasons for discrediting plaintiff's testimony. Therefore, plaintiff's testimony is credited as a matter of law, and plaintiff is found disabled. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)("where the ALJ improperly rejects the claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited, 'we will not remand solely to allow the ALJ to make specific findings regarding that testimony.' Rather, that testimony is also credited as a matter of law.") (internal citation omitted).

///

1

**CONCLUSION**

2       The Commissioner's decision is not based on substantial

3 evidence, and is therefore, reversed and remanded for payment of

4 benefits.

5 IT IS SO ORDERED.

6       Dated this  26  day of February 2008.

7

8

9

10                          /s/ Ann Aiken
                            Ann Aiken
11                 United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9    - OPINION AND ORDER